Filed 8/18/15  P. v. Burke CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051156 |
| v. | (Super. Ct. No. 13HF2382) |
| RONALD SCOTT BURKE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie L. Hix, Commissioner.  Affirmed.

Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Marvin E. Mizell and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In August 2013, defendant Ronald Scott Burke pleaded guilty to a felony count of receiving stolen property and misdemeanor counts of possessing controlled substance paraphernalia and providing a false identity to a peace officer. He also admitted allegations that he had previously been convicted of a serious and violent felony and had served four prior prison terms. The trial court struck those allegations for sentencing purposes, sentenced defendant to 16 months in state prison, with 38 days credit for time served, to be "followed by 20 months of mandatory supervision."

"In 2014, the voters passed Proposition 47 [the Safe Neighborhoods and Schools Act], which reclassified certain offenses from felonies to misdemeanors . . . [and] also enacted a procedure whereby a defendant who suffered a felony conviction for one of the reclassified offenses could petition to have the conviction redesignated a misdemeanor." (*People v. Morales* (2015) 238 Cal.App.4th 42, 45 (*Morales*).) Among other things, the Act added section 1170.18 to the Penal Code (all further statutory references are to this code) and amended section 496. (§ 1170.18, subd. (b); *Morales*, at p. 45.) As amended, section 496, subdivision (a) deems the crime of receiving stolen property a misdemeanor "if the value of the property does not exceed . . . $950[]."

Section 1170.18 allows two different groups of felons to petition: "person[s] currently serving a sentence for a conviction" (*id.*, subd. (a)) and "person[s] who ha[ve] completed his or her sentence for a conviction" (*id.*, subd. (f)). If the court grants a petition made under subdivision (a), the petitioner "shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its sentencing order, releases the person from parole." (*Id.*, subd. (d).) A petition granted under subdivision (f) does not subject the petitioner to a parole period. (*Id.*, subd. (f).)

On December 15, 2014, defendant petitioned to have his felony conviction reduced to a misdemeanor under section 1170.18, subdivision (f), asserting he "ha[d] completed his sentence." At that time, defendant was on postrelease community

supervision (PRCS), having been released from state prison in March 2014. Alternatively, defendant requested resentencing under subdivision (a) of that statute.  The court granted the petition under subdivision (a), recalled the felony sentence and resentenced him to a misdemeanor term of 365 days in jail with credit for 365 days. Finding that defendant was "still serving his sentence," the court imposed one year of parole.  (*Id*., subd. (d).)

Defendant contends this was error because he had completed his sentence and should have been sentenced under section 1170.18, subdivision (f) or alternatively placed back on PRCS rather than parole. We conclude no error occurred and affirm the postjudgment order.

DISCUSSION

*1.  Principles of Statutory Interpretation and Standard of Review*

"'Issues of statutory interpretation are questions of law subject to de novo review.'"  (*People v. Harbison* (2014) 230 Cal.App.4th 975, 980.)  "'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.]  Thus, "we turn first to the language of the statute, giving the words their ordinary meaning."  [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorates intent].  [Citation.]  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet."'"  (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)  "To the extent that uncertainty remains in interpreting statutory language, 'consideration should be given to the consequences that will flow from a particular interpretation' [citation], and both legislative history and the 'wider historical circumstances' of the enactment may be considered.  [Citation.]  Further, ambiguities are not interpreted in the defendant's

favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent." (*People v. Cruz* (1996) 13 Cal.4th 764, 782-783.)

2. *"Currently Serving a Sentence"*

    *2.1 Statutory Language*

        Defendant argues he was not currently serving a sentence when he was resentenced and thus he should have been resentenced under section 1170.18, subdivision (f). According to him, because Proposition 47 does not define the phrase "currently serving a sentence," we must turn to its legislative intent. The Attorney General counters that we "need look no further than the Penal Code itself. Section 3000[, subdivision (a)(1)] plainly states, 'A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 shall include a period of parole supervision or postrelease community supervision, unless waived, or as otherwise provided in this article.'"

        In the recent case of *Morales*, *supra*, 238 Cal.App.4th 42, the Attorney General took this same position and another panel of this court agreed. We do as well. The procedural facts in *Morales* are virtually identical to those here. While on PRCS, the defendant petitioned under Proposition 47 to recall his sentence and have it reclassified as a misdemeanor. The trial court granted the petition, resentenced the defendant, and imposed one year of parole. The defendant argued he was no longer serving a sentence and thus was not subject to the parole requirement. *Morales* disagreed. (*Id.* at p. 45.)

        In arguing section 3000, subdivision (a)(1) did not apply, the defendant in *Morales* relied on section 1170.18, subdivision (d), which reads, "person . . . resentenced pursuant to subdivision (b) shall be . . . subject to parole for one year *following completion of his or her sentence.*" (Italics added.) According to the defendant, this "demonstrates that parole is something that occurs after the sentence is complete and is thus not part of the sentence." (*Morales*, *supra*, 238 Cal.App.4th at p. 47.)

4

*Morales*, *supra*, 238 Cal.App.4th at page 47 found these different "uses of 'sentence' . . . reconcilable. A person convicted of a felony and given a prison term receives a period of parole or PRCS as a matter of course. Accordingly, section 3000, which refers to individuals sentenced to state prison—i.e., felons—includes parole or PRCS as a part of the sentence. By contrast, misdemeanor offenders do not receive a period of parole or PRCS as a matter of course following a jail term, and thus a reference to a misdemeanor sentence would not include a parole or PRCS period. Accordingly, section 1170.18, subdivision (d), refers to the unique parole period added by Proposition 47 as occurring after the *misdemeanor* sentence has been completed. This follows from the plain language of subdivision (d), which applies on its face only to a person who is *resentenced* to a misdemeanor pursuant to the statute."

*Morales*, *supra*, 238 Cal.App.4th at pages 47-48 held that the phrase "currently serving a sentence" for a felony conviction as used in section 1170.18, subdivision (a) "includes PRCS." (*Id*. at pp. 47-48.) Because the "defendant was still serving PRCS when he filed his petition under section 1170.18, he was still serving his sentence and thus subject to the parole requirement" imposed by subdivision (d). (*Id*., at p. 48.) We agree.

Defendant maintains "[t]he usual and ordinary meaning of the term 'sentence'" is ambiguous because Black's Law Dictionary lists 38 different types. But this case involves a particular type of sentence, i.e., one in which the defendant is required to serve parole or PRCS after being imprisoned in the state prison. In this context, the term "sentence" is not ambiguous.

Defendant further contends that sections 1203.1 and 1203.2 "indicate a 'sentence' is the period of incarceration." Section 1203.1, subdivision (a) states, "The court . . . in . . . granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence . . . ." Under section 1203.1,

subdivision (f), the court, as a condition of probation, may order "a convicted person to serve his or her sentence at intermittent periods . . . at the [nearest] city jail."  And, if the defendant violates probation, "the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced[ or] . . . if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect."  (§ 1203.2, subd. (c).)

But these sections involve probation, not a felony sentence resulting in imprisonment, which as a matter of course, "*include*[s] a period of parole supervision or" PRCS as part of the sentence.  A defendant granted probation under sections 1203.1 and 1203.2 would not be imprisoned unless the defendant violated probation *and* the suspended or executed sentence included a state prison term.  In that event, section 3000, subdivision (a)(1) requires such imprisonment to be followed by "a period of parole supervision or" PRCS.

Defendant argues that additional support "that a prison sentence is separate and distinct from the supervisory period that follows" exists in section 3000.08, subdivision (a)'s statement, "A person released from state prison . . . after serving a prison term, or *whose sentence has been deemed served* pursuant to Section 2900.5, . . . is subject to parole supervision."  (Italics added.)  Section 2900.5, subdivision (a) provides credit for the days a defendant has spent in custody.  In relevant part, it reads, "If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the *entire term of imprisonment* shall be deemed to have been served."  (*Ibid.*, italics added.)

Construing these two statutes together as we must (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1014), we conclude the "sentence" that was "deemed served pursuant to Section 2900.5" in section 3000.08, subdivision (a) refers to "the entire term of imprisonment."  (§ 2900.5, subd. (a).)  Section 3000.08 is

part of the same chapter and article as section 3000, which states that such imprisonment is only part of a sentence. A sentence, in turn, includes a term of parole or PRCS. (§ 3000, subd. (a)(1).)

*Morales*, *supra*, 238 Cal.App.4th at page 48 addressed a similar issue involving section 1170, subdivision (a), which concerns determinate sentencing and the accounting of custody. It states, "'In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, *the entire sentence* shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the secretary. The court shall advise the defendant that he or she shall serve a period of parole and order the defendant to report to the parole office closest to the defendant's last legal residence, *unless the in-custody credits equal the total sentence, including both confinement time and the period of parole*.'"

The defendant in *Morales*, *supra*, 238 Cal.App.4th at page 48 had contended "this language 'contemplates a "sentence" as being the period of confinement not inclusive of [parole or PRCS] and a "total sentence" as being the period of confinement and [PRCS] that follows the term in custody under the applicable law.'" *Morales* rejected this argument because "defendant's argument omits a modifier. Section 1170 refers to the prison term as not merely the 'sentence' but the 'entire sentence.' It then refers to the prison term plus parole period as the 'total sentence.' In using the terms 'entire sentence' and 'total sentence,' there is no indication the Legislature meant to create distinct technical definitions. Rather, this simply shows that the word 'sentence' can be used in different ways and must be interpreted in context. The context makes plain that the 'entire sentence,' as used in the statute, refers to the period of incarceration, and that the 'total sentence' refers to the period including both time in custody and either parole or PRCS. Additionally, section 1170, subdivision (c), goes on to state, 'The court shall also inform the defendant that *as part of the sentence* after expiration of the term he

7

or she may be on parole for a period as provided in Section 3000.' (Italics added.) To the extent that section 1170 provides any clear guidance on what the word 'sentence' means in isolation, therefore, it suggests 'sentence' includes a parole period consistent with section 3000." (*Ibid.*)

The same analysis pertains here. In context, the "sentence" referred to in section 3000.08 means the entire time spent in prison, which constitutes part of the overall "sentence" identified by section 3000, subdivision (a)(1), with parole or PRCS comprising the other part.

The parties discuss *People v. Nuckles* (2013) 56 Cal.4th 601 (*Nuckles*), in which the defendant was convicted of aiding and abetting a principal after she harbored a fugitive parolee. The defendant contended that because the principal was on parole and was no longer being punished, she did not satisfy the statutory definition of an accessory. In rejecting this argument, *Nuckles* noted, "Although parole constitutes a distinct phase from the underlying prison sentence, a period of parole following a prison term has generally been acknowledged as a form of punishment. '[P]arolees are on the "continuum" of state-imposed punishments.'" (*Id.* at p. 609.)

Defendant asserts *Nuckles*, *supra*, 56 Cal.4th 601 "also held that such [parole] terms clearly did not constitute a 'sentence'" and that "[t]he prison term is the actual sentence served in prison before release on parole." We do not read *Nuckles* in the same manner. Imprisonment and parole may be distinct phases of a defendant's punishment, but according to *Nuckles*, "*parole is a mandatory component of any prison sentence*." (*Id.* at p. 609, italics added.) "Thus, a prison sentence 'contemplates a period of parole, which in that respect is related to the sentence.'" (*Ibid.*) "As the United States Supreme Court has explained: 'A California inmate may serve his parole period either in physical custody, *or elect to complete his sentence out of physical custody and subject to certain conditions*.'" (*Ibid.*, italics added.)

8

*Morales*, *supra*, 238 Cal.App.4th at page 49 found *Nuckles* did not address the issue before it, namely, whether a defendant who was serving PRCS at the time he filed a petition to reduce his felony sentence to a misdemeanor was still serving his sentence. Although we agree, we nevertheless find the language in *Nuckles* persuasive in resolving this same issue.

The definition of "currently serving a sentence" is not ambiguous. Thus, we need not turn to other indicia of the voters' intent or determine whether a certain interpretation would produce an absurd result. In any event, we reject defendants' arguments on these issues.


*2.2 Legislative Intent*

Defendant contends "the trial court's interpretation [imposing one year of misdemeanor parole after he completed his prison term] would result in an immediate increase of the cost to state taxpayers, who in addition to footing the bill for parole costs, would also be required to expend monies for a largely duplicative one year period of parole." But according to the authorities cited by defendant, the voters' intent behind Proposition 47 was to decrease *prison*, not *parole or PRCS*, costs for nonviolent petty crimes, and to refocus the funds on violent and serious crimes. By granting defendant's section 1170.18 petition, the court followed the voters' intent.

Citing section 3000.08, subdivision (e), defendant claims a violation of his parole could result in incarceration in the state prison, "contrary to the intent of Proposition 47 to reduce the prison population." As the Attorney General notes, however, "that section and subdivision pertains to 'flash incarceration' in county or city jail, and does not pertain to a defendant being returned to prison for a parole violation."

Defendant replies that Proposition 47 "contemplate[d] local savings as well as state savings. . . . Hence, even if persons who violate the one-year parole period are subjected to flash incarceration for 10 days or incarceration in county jail for 180 days

9

[citation], the cost to the county jails will increase, contrary to Legislative [sic, voters']
intent." But the risk of jail time and its corresponding costs for violations of parole is as
great for someone who remains incarcerated in state prison when the petition for
resentencing under section 1170.18, subdivision (a) is made, as it is for someone who is
on parole or PRCS at the time. To accept defendant's proposition would be to rewrite the
statute and eliminate the one-year parole requirement in all cases, which we may not do.
(*People v. Hinks* (1997) 58 Cal.App.4th 1157, 1164 ["a rule of statutory construction [is]
that significance should be given to every word of a statute, if possible, and an
interpretation [that] renders part of the statute surplusage or nugatory should be
avoided"].)

### 2.3 Absurd Results

Defendant argues that it would lead to absurd results if it were determined
he was still serving a sentence while on PRCS because a person could file a section
1170.18 petition on the final day of parole or PRCS and be subjected to yet another year.
The Attorney General responds no reasonable person in that position would do so but
would instead wait to file the petition once the parole or PRCS is discharged,
automatically entitling the person to reduce his or her felony to a misdemeanor under
section 1170.18, subdivision (f), without the additional one-year parole term required
under subdivision (a).

In his reply, defendant maintains absurd results would occur because a
defendant may have multiple practical reasons for not waiting until the end of any PRCS
term and yet a petition filed during any part of that term would impose "an additional
year of parole." In such cases, however, the court has discretion to release a defendant
from the parole requirement. (§ 1170.18, subd. (d) [court has "discretion, as part of its
resentencing order, [to] release[] the person from parole"].)

10

Defendant maintains the threat of further prison time under section 3000.08 "conflict[s] with section 1203a, which limits the duration of probation in misdemeanor cases to one year, the maximum sentence in misdemeanor cases under section 19.2." As we earlier explained, however, there is no threat of additional prison time because section 3000.08 addresses only flash incarcerations in a city or county jail for parole violations. "The length of the detention period can range between one and 10 consecutive days. Shorter, but if necessary more frequent, periods of detention for violations of a parolee's conditions of parole shall appropriately punish a parolee while preventing the disruption in a work or home establishment that typically arises from longer periods of detention." (*Id*., subd. (e).) Nor do such incarcerations conflict with the one-year maximum term of probation because probation is not an option in the granting of petition to reduce a felony to a misdemeanor under either section 1170.18, subdivisions (a) or (f). And because flash incarcerations are limited to at most 10 consecutive days, they also do not clash with section 19.2, which precludes a commitment for a misdemeanor to a county or city jail or similar venue "for a period in excess of one year."

Given that defendant has not shown any latent ambiguity in the phrase "currently serving a sentence," *People v. Leiva* (2013) 56 Cal.4th 498, 517 [holding the tolling provision of section 1203.2, subdivision (a) "to have a latent ambiguity" that could lead to an absurd result] is inapplicable.

*3. Placement on PRCS Rather than Parole*

Defendant asserts that if we conclude he was still serving his sentence, he should have been placed back on PRCS instead of parole. The Attorney General describes defendant's argument as asking the court to exercise its discretion under section 1170.18, subdivision (d) in favor of allowing him "to serve out his last three and a half months on PRCS instead of the one[-]year on parole." Because defendant did not object to his sentence on this ground, the Attorney General contends defendant has forfeited the

11

issue. We disagree because defendant's contention is that the trial court imposed an unauthorized sentence, which is reviewable on appeal whether or not an objection was raised below. (*People v. Smith* (2001) 24 Cal.4th 849, 852.)

The Attorney General is also incorrect in her characterization that defendant is disputing the court's exercise of discretion. Defendant's argument is based on statutory interpretation, beginning with section 1170.18, subdivision (d), which provides that persons subjected to the one-year parole period are "subject to Section 3000.08 parole supervision." Under section 3000.08, subdivision (a)(1)-(5), parole supervision is required for a person who has served prison term for a serious or violent felony, a crime for which the person was either classified as a high-risk sex offender or was required to undergo psychiatric treatment, or who was sentenced as a third striker. But, "[n]otwithstanding any other law, all other offenders released from prison shall be placed on postrelease supervision pursuant to Title 2.05 (commencing with Section 3450)." (*Id.*, subd. (b).) Defendant contends he is one of these other offenders entitled to PRCS because his felony of receiving stolen property does not qualify under any of the categories in section 3000.08, subdivision (a)(1)-(5).

"When the Legislature intends for a statute to prevail over all *contrary* law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law.'" (*In re Greg F.* (2012) 55 Cal.4th 393, 406-407, italics added; *People v. Espinoza* (2014) 226 Cal.App.4th 635, 639-640 ["The phrase '[n]otwithstanding any other law' is all encompassing and eliminates potential *conflicts* between alternative sentencing schemes"], italics added.)

But here, the one-year misdemeanor parole period of section 1170.18, subdivision (d) is not contrary to, or in conflict with, the felony PRCS period of section 3000, subdivision (b). After the trial court resentences a defendant to a misdemeanor pursuant to section 1170.18, the offense "shall be considered a misdemeanor for all purposes," except for ownership or possession of a firearm. (§ 1170.18, subd. (k).)

12

PRCS is no longer available because it applies only to felons. Under section 3450, subdivision (b)(5) of the PRCS Act of 2011 (PRCS Act; § 3450 et seq.), "Realigning the postrelease supervision of certain *felons* reentering the community after serving a prison term to local community corrections programs . . . will improve public safety outcomes among adult felon parolees and will facilitate their successful reintegration back into society." (Italics added.) Section 3451, subdivision (a) applies to all persons "whose sentence has been deemed served pursuant to Section 2900.5 after serving a prison term for a *felony*." (Italics added.) The implication of this language is that the Legislature intended the PRCS Act to encompass only felons who have served a prison term. It does not include persons who have been convicted of a misdemeanor that, by definition, is not punishable by imprisonment in the state prison. Section 17, subdivision (a) provides: "A felony is a crime that is punishable with death, by imprisonment in the state prison, or . . . by imprisonment in a county jail under the provisions of subdivision (h) of section 1170. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."

Because defendant's receiving stolen property offense was reclassified as a misdemeanor, it is deemed such for all purposes and he is no longer a felon entitled to PRCS. Section 1170.18 is not an "alternative sentencing scheme[]" that conflicts with the PRCS Act. (*People v. Espinoza*, *supra*, 226 Cal.App.4th at pp. 639-640.) Rather, it is a different sentencing scheme for certain felony offenses that have been reclassified as misdemeanors. The court thus did not err in ordering defendant to serve a one-year period of misdemeanor parole under section 1170.18, subdivision (d).

*4. Credit for Time Already Spent on PRCS*

As the conclusion of his argument that he should have received a one-year period of PRCS instead of the one-year misdemeanor parole period under section 1170.18, defendant briefly asserts he should receive "credit for time already spent on

13

community supervision," which, at the time of his resentencing, was nine months and three days. This request has been forfeited, as defendant did not raise it in the trial court, or under a separate heading, or provide meaningful argument supported by citation to authority. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Baniqued* (2000) 85 Cal.App.4th 13, 29; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); cf. *Morales*, *supra*, 238 Cal.App.4th at pp. 49-50 [holding defendant's excess *custody* credits apply to parole period and distinguishing *People v. Hickman* (2015), 237 Cal.App.4th 984, 988 [reaching opposite conclusion].)

## DISPOSITION

The postjudgment order is affirmed.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


14