Filed 6/16/14 (unmodified opinion attached)

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA


SECOND APPELLATE DISTRICT


DIVISION SIX


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE SERRANO ESPINOZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B251596<br>(Super. Ct. No. CR40341A)<br>(Ventura County)<br>MODIFICATION OF OPINION<br>No Change In Judgment |

THE COURT:

The opinion filed herein on May 27, 2014, is modified as follows: At the top of Page 3 delete the citation *People v. Reece* (2013) 220 Cal,App.4th 204, 207.

No change in judgment.

CERTIFIED FOR PUBLICATION

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B251596 |
| Plaintiff and Respondent, | (Super. Ct. No. CR40341A) |
| v. | (Ventura County) |
| JOSE SERRANO ESPINOZA, | |
| Defendant and Appellant. | |

Sixty year old Jose Serrano Espinoza, a career criminal, appeals from an order requiring post-release community supervision (hereafter PRCS, Pen. Code § 3451, subd. (a).).[1] He was originally sentenced in 1999 as a Three Striker to 25 years to life. He was "realigned," sentenced to seven years four months state prison and was awarded credit for 5,690 days served. (§ 1170.126.) Although appellant's custody credits exceed the new sentence, sections 3451 and 1170, subdivision (h)(6) require that persons sentenced on or after October 1, 2011, participate in PRCS. We affirm the judgment. We adhere to the plain and unambiguous language of the Penal Code. We reject the argument that PRCS is an ex post facto law, or violates appellant's equal protection or due process rights.

In 1999 appellant was convicted of commercial burglary (Pen. Code § 459) and petty theft with prior theft related offenses (§ 666), with special findings that he suffered five serious felony convictions (§ 1170.12) and served five prior prison terms (§ 667.5, subd. (b)). The trial court sentenced appellant as a Three Strikes offender to 25 years to life

---

[1] All statutory references are to the Penal Code unless otherwise stated.

state prison. We affirmed the judgment in an unpublished opinion on January 20, 1999. (B121327.)

In 2013, appellant filed a section 1170.126 petition to recall his sentence. The trial court granted the petition and resentenced appellant to seven years four months state prison. Over appellant's objection, the trial court ordered appellant to participate in PRCS. (§ 3451, subd. (a).)[2]

*Presentence Custody Credits/Analogy to Parole*

Where the presentence credits exceed the total state prison term, the excess credits, commonly known as *Sosa* credits are deducted from the defendant's parole period. (*In re Sosa* (1980) 102 Cal.App.3d 1002.) Section 2900.5, subdivision (c) states that a "term of imprisonment" includes "any period of imprisonment imposed as a condition of probation or otherwise ordered . . . , and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and *any period of imprisonment and parole*, prior to discharge, whether established or fixed by statute . . . ." (Italics added.) As well shall explain, a "term of imprisonment and parole" does not include PRCS.

In 2011, the Criminal Justice Realignment Act changed the paradigm for the incarceration and post-conviction supervision of persons convicted of certain felony

---

[2] The probation report describes appellant and his life of crime: "The defendant is an individual whose criminal career began at the age of 11. The defendant's criminal behaviors include, but are not limited to, drug and alcohol related offenses, burglary, theft, and vehicle violations. The defendant has been sentenced to . . . juvenile hall, local jail, the California Rehabilitation Center, and the California Department of Corrections and Rehabilitation. Regardless of the level of intervention, the defendant continued his pattern of behavior, up until the age of 43, when he was committed to Prison for a life sentence. As a result, he has spent the majority of his life incarcerated, or under probation or parole supervision."

This is an apt description. Appellant abused alcohol, heroin, and other drugs for decades. Most of his prior offenses are theft related. We point this out because appellant's criminal history is significant for what it does not show: violence. He is now 60 years old and suffers from poor health.

offenses.[3] (Stats 2011, ch. 15, § 1; see *People v. Cruz* (2012) 207 Cal.App.4th 664, 668; *People v. Reece* (2013) 220 Cal.App.4th 204, 207.)   Unlike parole, a felon participating in PRCS cannot be returned to prison for violation of his or her postrelease supervision agreement. (§ 3458.)  Nor does the Department of Corrections and Rehabilitation have jurisdiction over persons subject to postrelease community supervision.  (§ 3457.)

Section 1170, subdivision (h)(6) of the Criminal Justice Realignment Act provides that the Act applies to all persons sentenced or released form prison on or after October 1, 2011.  Appellant was resentenced September 19, 2013  and immediately released.  He is subject to section 3451, subdivision (a) which provides:  "*Notwithstanding any other law*. . . , all persons released from prison on or after October 1, 2011, or, whose sentence has been deemed served pursuant to Section 2900.5 after serving a prison term for a felony shall, upon release from prison and for a period not exceeding three years immediately following release, be subject to community supervision provided by a county agency designated by each county's board of supervisors . . . ."

Appellant argues that PRCS is analogous to parole and that his excess custody credits exempt him from PRCS.  Appellant, however, was resentenced under a sentencing scheme that requires PRCS. (§§ 1170, subd. (h)(6), 3451, subd. (a).)  Even if appellant was entitled to custody credits before he was resentenced, it does not reduce the mandatory supervision period.  (§ 3451; see *In re Cervera* (2001) 24 Cal.4th 1073, 1075-1076 [third strike defendant not entitled to prison conduct credits on indeterminate term].)  *In re Ballard* (1981) 115 Cal.App.3d 647 is inapposite.  It holds that excess custody credits must be used to advance the parole release date which is part of the "term of imprisonment." (§ 2900.5,

_____

[3] "The realignment legislation enacted in 2011 has two primary prongs: creating a new sentencing mechanism for defendants who are sentenced on and after October 1, 2011,  and creating a new process whereby certain offenders being released from prison custody would no longer be supervised by the state parole system, but instead would be supervised by a local supervision agency.  The new supervision system is called "postrelease community supervision," or "PRCS."  PRCS does not shorten any prison term, it merely modifies the agency that will supervise the defendant after release." (Couzens & Bigelow, Felony Sentencing After Realignment (March 4, 2014) ; see <http://www.courts.ca.gov/ partners/documents/felony_sentencing.pdf> (as of April 1, 2014.)

subd. (c).) The statutes governing parole are different because a parole term begins only after the felon is released from prison. (See *In re Lira* (2014) 58 Cal.4th 573, 582.) Appellant was never paroled. He was resentenced under a new sentencing scheme that requires PRCS "[n]otwithstanding any other law. . . ." . (§ 3451.) The phrase "[n]otwithstanding any other law" is all encompassing and eliminates potential conflicts between alternative sentencing schemes. (*See e.g., People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 524.)

We can only "construe" the language of a statute if it's application would lead to an absurd result. (See e.g. *Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App. 4th 1689, 1698; *People v. Buena Vista Mines* (l996) 48 Cal.App.4th 1030, l034-l035.) There is nothing absurd about requiring appellant to participate in PRCS. Appellant's prison credits are large but his situation is not sui generis. The Legislature is presumed to have known that a person serving a 25 year to life sentence would have such excess credits, sometimes hundreds, sometimes thousands of days. Nevertheless, it required PRCS.

In theory, the section 3453 terms and conditions of PRCS may be onerous and burdensome but they may also be viewed as providing incentive for the recidivist to mend his ways. In other words, we can reasonably say that the Legislature, like the trial court in the instant case, believed that such terms and conditions are not statutorily imposed as punishment. We need not go so far as to say that such terms were motivated from benevolence. It is sufficient to observe that the Legislative largess which resulted in appellant's release from prison came with a price, PRCS. This was the trade off. At oral argument, respondent characterized this as a "package deal." Appellant is not permitted to pick and choose which portion of realignment he agrees to and which portion he does not. "He who takes the benefit must bear the burden." (Civ.Code, § 3521.)

Of course, if there is some constitutional protection to which appellant is entitled, he may, in theory, seek refuge under its umbrella. As we shall explain, there is no constitutional impediment precluding PRCS.`
.

*Ex Post Facto*

Appellant asserts that section 3451 violates the ex post facto clauses of the United States and California Constitutions because it retroactively increases the punishment for a crime that was committed before the statute was enacted. (U.S. Const. art. 1, § 10, cl. 1; Cal. Const., art. I, § 9; *Cal. Dept. of Corrections v. Morales* (1995) 514 U.S. 499, 505-507 [131 L.Ed.2d 588, 594-595]; *People v. Helms* (1997) 15 Cal.4th 608, 614.) As indicated, we do not view PRCS as punishment. Appellant's original sentence was 25 years to life. He petitioned for and was resentenced to seven years four months, and ordered to participate in PRCS which cannot exceed three years (§ 3456, subd. (a)(1)). A statute that reduces the "term of imprisonment" within the meaning of section 2900.5, subdivision (c) is not an ex post facto violation. (See e.g., *In re Ramirez* (1985) 39 Cal.3d 931, 932 [new statutory plan for awarding sentence reduction credits not an ex post facto violation].) This is so even if PRCS terms and conditions are required. Had appellant not been resentenced, he would have had equivalent terms and conditions had he been released on parole, i.e. had he not died in prison.

*Equal Protection*

Appellant argues that awarding custody credit reductions for parolees (*In re Sosa, supra,* 102 Cal.App.3d 1002) but denying credit reductions for PRCS is discriminatory. The distinction between felony offenders sentenced before October 1, 2011 and those sentenced on or after October 1, 2011 does not violate equal protection. (*People v. Cruz, supra,* 207 Cal.App.4th at p. 668.)

"The right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law. '[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.' [Citation.] The same rule applies to changes in sentencing law that benefit defendants. 'Defendant has not cited a single case, in this state or any other, that recognizes an equal protection violation arising from the timing of the effective date of a statute lessening the punishment for a particular offense. Numerous courts, however, have rejected such a claim - including this court. [Citation.]' [Citation.]"

5

(*People v. Lynch* (2012) 209 Cal.App.4th 353, 359; see also *People v. Brown* (2012) 54 Cal.4th 314, 328-330 [no equal protection violation in prospective application for former section 4019, granting increased custody credits].)  Appellant's equal protection and due process arguments merit no further discussion.  (Cf. *People v. Floyd* (2003) 31 Cal.4th 179, 188-189]; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 55-56.)  The separation of powers doctrine precludes this court from rewriting the section 3451.   (See e.g., *In re Lira, supra,* 58 Cal.4th at pp. 583-584.)

*Conclusion*

PRCS serves an important public interest to "improve public safety outcomes" and facilitate "successful reintegration back into society."  ( § 3450, subd. (a)(5); see *People v. Torres* (2013) 213 Cal.App.4th 1151, 1158.)  Both the community and appellant will benefit from PRCS. The trial court said that the "[S]tate of California actually doesn't want Mr. Espinoza to return to custody. . . .  To take so many years of incarceration and then fling the doors open and say, well, good luck, hope it all works out is likely to just result in a disaster."  We are hopeful that PRCS reduces the chance of disaster.

The judgment is affirmed.

CERTIFIED FOR PUBLICATION.


                                                                    YEGAN, J.

We concur:


        GILBERT, P.J.


        PERREN, J.

6

Kent M. Kellegrew, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender; Michael C. McMahon Chief Deputy, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Douglas L. Wilson, Deputy Attorney General, for Plaintiff and Respondent.