Filed 9/22/15  P. v. Neuman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CHARLES NEUMAN,<br><br>  Defendant and Appellant. | 2d Crim. No. B263111<br>(Super. Ct. No. 2009020448)<br>(Ventura County) |

Charles Neuman appeals a Proposition 47 resentencing order entered after he was previously sentenced to four years state prison for possession of methamphetamine.  (Pen. Code, § 1170.18, subds. (b) & (d).)[1]  The trial court reduced the felony conviction to a misdemeanor, resentenced appellant to one year county jail with credit for time served, and ordered one year supervised parole.  (§ 1170.18, subd. (d).)  Appellant contends that the trial court lacked the authority to order supervised parole because he completed his prison sentence within the meaning of section 1170.18, subdivision (f).  Appellant further claims that the trial court erred in not deducting his custody credits (2,312 days) from the supervised parole term.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Procedural History*

In 2009 appellant pled guilty to possession of a controlled substance (Health & Safety Code, § 11377, subd. (a)) and admitted serving six prior prison terms (§ 667.5, subd. (b)).  The trial court imposed a four year prison sentence, suspended execution of sentence, and granted probation.  Appellant violated probation and was sentenced to prison on March 29, 2010.

On November 30, 2011, appellant was released from prison and placed on postrelease community supervision (PRCS) pursuant to the Postrelease Community Supervision Act of 2011.  (§§ 3450; 3000.08, subd. (b).)

On January 30, 2015, appellant filed a Proposition 47 petition to designate the conviction as a misdemeanor pursuant to section 1170.18, subdivisions (f) and (g).  Appellant claimed that he had completed his prison sentence and was not subject to court-ordered parole supervision.  The trial court found that appellant was still serving the felony sentence, reduced the conviction to a misdemeanor, and resentenced appellant.  Appellant was ordered to serve 365 days county jail with credit for time served, awarded 2,312 days presentence credit to be applied to appellant's fines and fees (§ 2900.5, subd. (a)), and placed on one year supervised parole.  (§1170.18, subd. (d).)

*Proposition 47 Supervised Parole*

On November 4, 2014, California voters enacted Proposition 47,   "The Safe Neighborhoods and Schools Act," to maximize sentencing alternatives for nonserious, nonviolent crimes.  (See Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (February 2015), p. 6, at www.courts.ca.gov/docu-ments/Prop-47-Information.pdf.)  Proposition 47 makes certain drug possession offenses (Health & Saf. Code, § 11350, 11357, subd. (a), 11377) misdemeanors and provides that a defendant "currently serving a sentence" for a qualifying drug offense may file a petition to have his/her sentence recalled.  ( § 1170.18, subd. (a).)  If the defendant does not pose an unreasonable risk of danger to public safety (§ 1170.18, subd. (b)) and is resentenced, defendant is entitled to credit for time served and is subject to one year supervised parole.  (§ 1170.18, subd. (d).)  In those cases where the defendant has

2

completed his/her prison sentence, defendant may file an application to have the felony conviction designated a misdemeanor. (§ 1170.18, subd. (f).) If the application satisfies the statutory criteria, the trial court must designate the felony offense a misdemeanor and there is no supervised parole. (§ 1170.18, subds. (f) & (g).)

Appellant claims that he completed his sentence when he was released from prison and placed on PRCS. The argument fails because a felon on parole or PRCS is still serving his/her felony sentence. (*People v. Nuckles* (2013) 56 Cal.4th 601, 609.) Section 3000, subdivision (a)(1) provides: A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 shall include a period of parole supervision or postrelease community supervision, unless waived, or as otherwise provided in this article." In enacting Proposition 47, the voters are deemed to have been aware of long-standing statutory authority that a prison sentence includes parole or PRCS. (See e.g., *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1015 [construing Proposition 36].)

Appellant contends that parole or PRCS is not part of a prison sentence because section 1170.18, subdivision (d) provides that a defendant who is resentenced "shall be given credit for time served and shall be subject to parole for one year *following completion of his or her sentence . . . .*" (Italics added.) The argument assumes that Proposition 47, which governs misdemeanor resentencing, trumps other parts of the Penal Code (i.e., § 3000, subd. (a)(1)) providing that a prison sentence includes parole or PRCS. We reject this argument.

Appellant was still serving his prison sentence when he petitioned for resentencing. "The sentence of a felon sent to *prison* must generally 'include a period of parole supervision or postrelease community supervision.' (§ 3000, subd. (a)(1).)" (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 650.) Appellant's reliance on *People v. Espinoza* (2014) 226 Cal.App.4th 635, a Proposition 36 resentencing case (§ 1170.126), is misplaced. There, a Three Strikes sentence was recalled. Defendant was resentenced to seven years four months state prison with credit for time served and ordered to participate in PRCS which was mandatory. (§ 3451, subd. (a)). We concluded

3

that defendant was resentenced under a new sentencing scheme that required PRCS "'[n]otwithstanding any other law . . . .' (§ 3451.)" (*Id.*, at p. 639.)

Espinoza is inapposite because appellant was already on PRCS before he was resentenced to county jail. The trial court terminated PRCS and ordered supervised parole pursuant to section 1170.18, subdivision (d). It is an entirely different sentencing scheme. Proposition 47 misdemeanor resentencing is a package deal that precludes appellant from picking and choosing which portion of sentencing realignment he agrees to.

We reject the argument that a felony sentence is completed when an inmate is released from prison and placed on PRCS. If that was the law, appellant could have his felony conviction designated a misdemeanor (§ 1170.18, subd. (g)), be free of PRCS supervision, and receive the bonus of a misdemeanor conviction with no supervised parole (§ 1170.18, subd. (f)). It would thwart PRCS sentencing realignment legislation which, "[n]otwithstanding any other law," is intended to improve public safety outcomes among felon parolees and facilitate their successful reintegration back into society. (§ 3451, subd. (a)(1).) Section 3000, subdivision (a) declares a similar legislative purpose and states that "the period immediately following incarceration is critical to successful reintegration of the offender into society and to positive citizenship. It is in the interest of public safety for the state to provide for the effective supervision and surveillance of parolees, including the judicious use of revocation actions, and to provide educational, family, and personal counseling necessary to assist parolees in the transition between imprisonment and discharge."

Appellant violated PRCS numerous times and is the poster-child for supervised parole.[2] After appellant was released from prison on November 30, 2011, he

---

[2] We have taken judicial notice of the superior court file (Evid. Code, §§ 452, subd. (d); 459) which reflects that appellant has a thirty year history of alcohol and drug abuse that includes methamphetamine, cocaine, heroin, LSD, PCP, marijuana, and prescription drugs. The 2010 probation report states that appellant has 17 aliases, multiple social security numbers, and uses different dates or birth. Appellant has an extensive criminal record for escape and attempted escape, robbery, burglary, petty theft, forgery, larceny,

4

absconded multiple times and was arrested on seven PRCS warrants.  Appellant was in jail on a PRCS revocation hold when he filed the Proposition 47 petition for resentencing. The trial court did not err in resentencing appellant to county jail and supervised parole. (§ 1170.18, subd. (d).)

*Use of Excess Custody Credits to Reduce Parole Period*

Appellant argues that his custody credits (2,312 days) reduce the one-year parole period to zero.  Section 2900.5, subdivision (c) provides that custody credits, commonly known as *Sosa* credits, be applied against the period of incarceration and parole period.  (*In re* Sosa (1980) 102 Cal.App.3d 1002, 1005-1006.)  Proposition 47 supervised parole period is not reduced by the defendant's excess custody credits. Appellant claims that the denial of *Sosa* credits violates the equal protection clauses of the federal and state constitutions.  "It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party." (*People v. Tully* (2012) 54 Cal.4th 952, 1075.)   Waiver aside, appellant makes no showing that the Proposition 47 distinction between defendants who have not completed a felony sentence (§ 1170.18, subds. (b) & (d)) and defendants who have completed a felony sentence (§ 1170.18, subds. (f) & (g)) is an equal protection violation.

*Conclusion*

The record shows that appellant was "currently serving a sentence for a conviction" (§§ 1170.18, subd. (a); 3000, subd. (a)(1); 3000.08, subd. (b)) and was eligible for Proposition 47 resentencing when the trial court recalled his prison sentence. Section 1170.18, subdivision (d) provides that a person who is resentenced to county jail "shall be given credit for time served *and shall be subject to parole for one year following completion of his or her sentence. . . .*"  (Italics added.)  In interpreting

---

possession of false identification cards, assault, being under the influence of controlled substances, possession of narcotics and narcotics paraphernalia, criminal impersonation, and driving under the influence of alcohol or drugs.  When appellant was convicted of possession of methamphetamine in 2009, he admitted suffering six prison prior terms (§ 667.5, subd. (b)).

Proposition 47, the statutory language must be construed in the context of the statute as a whole and the overall statutory scheme. (*People v. Briceno* (2004) 34 Cal.4th 451, 459.) " '[W]e do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]'  [Citation.]" (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)

The trial court did not err in resentencing appellant to county jail with credit for time served and ordering supervised parole. (§ 1170.18, subd. (d).)  Excess custody credits may be applied to appellant's fines and fees, as was done here (§ 2900.5, subd. (a)), but do not reduce the parole supervision period.

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                                              YEGAN, J.

We concur:


              GILBERT, P. J.



              PERREN, J.


6

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy and William Quest, Senior Deputy Public Defender for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.