Filed 10/8/15  P. v. Smith CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN LEE SMITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B258127<br>(Super. Ct. No. CR48902)<br>(Ventura County) |

Jonathan Lee Smith appeals the trial court's order vacating its prior order applying excess custody credits against a three-year period of Post-Release Community Supervision (PRCS) (Pen. Code,[1] § 3451, subd. (a)).  PRCS was imposed when appellant was resentenced on a third-strike sentence of 29 years to life under the Criminal Justice Realignment Act of 2011(the Act) (§ 1170.126).  The court imposed a 14-year sentence, released appellant from prison with credit for time served, and placed him on PRCS for a period of three years as provided in section 3451, subdivision (a) of the Act.  The court subsequently granted appellant's motion to amend the judgment by applying 741 days of excess custody credit against his three

_____

[1] All further statutory references are to the Penal Code.

years of PRCS. The court concluded that appellant was entitled to the credits under *In re Sosa* (1980) 102 Cal.App.3d 1002 (*Sosa*).

After we concluded in a published opinion that *Sosa* credits do not apply to PRCS imposed under the Act (*People v. Espinoza* (2014) 226 Cal.App.4th 635 (*Espinoza*)), the People moved the trial court to vacate its order amending the abstract of judgment to award such credits. The court granted the motion and issued a new order placing appellant on PRCS for three years, effective as of the date of its original resentencing order.

Appellant contends that *Espinoza* was wrongly decided. He also claims that the court's reconsideration of its prior order was barred by res judicata and lack of jurisdiction, and that its reliance on *Espinoza* was premature. None of these claims is persuasive.

"Where the presentence credits exceed the total state prison term, the excess credits, commonly known as *Sosa* credits, are deducted from the defendant's parole period. [Citation.]" (*Espinoza*, *supra*, 226 Cal.App.4th at p. 638.) *Sosa* credits are awarded pursuant to subdivision (c) of section 2900.5, which "states that a 'term of imprisonment' includes 'any period of imprisonment imposed as a condition of probation or otherwise ordered . . . , and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and *any period of imprisonment and parole*, prior to discharge, whether established or fixed by statute . . . .'" (*Ibid.*)

In *Espinoza*, we concluded that PRCS does not constitute a "term of imprisonment and parole" as contemplated in subdivision (c) of section 2900.5. We reasoned that PRCS is not analogous to parole and applies "[n]otwithstanding any other law" as provided in section 3451, subdivision (a). (*Espinoza*, *supra*, 226 Cal.App.4th at p. 639.) We further explained, "[t]here is nothing absurd about requiring appellant to participate in PRCS. Appellant's prison credits are large but his situation is not sui generis. The Legislature is presumed to have known that a person

2

serving a [third-strike] sentence would have such excess credits, sometimes hundreds, sometimes thousands, of days. Nevertheless, it required PRCS." (*Id.* at p. 640.)

Appellant urges us "to reconsider *Espinoza* and to conclude PRCS is more similar than different from parole for purposes of the award of excess credits." Instead of offering any argument to support such a conclusion, he asks us to take judicial notice of the briefing in *Espinoza* and in particular the petition for review, which is included in the record on appeal.

We decline the request for judicial notice. Merely referring to arguments raised in another case is not proper appellate argument. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793, quoting 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 479, p. 469 ["'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration'"].) In any event, the arguments raised in *Espinoza* were fully considered and rejected in that case and the Supreme Court denied review. Moreover, no appellate court has reached a contrary result. Appellant gives us no legitimate reason to reconsider our decision.

Appellant's additional challenges are also unavailing. The court's reconsideration of its order granting *Sosa* credits against appellant's term of PRCS is not barred by res judicata. That doctrine only applies to rulings that are merely voidable rather than void. (See *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1422.) The order granting *Sosa* credits was an unauthorized sentence because it could not have been lawfully imposed under any circumstances. (*Espinoza*, *supra*, 226 Cal.App.4th at pp. 639-640; *People v. Scott* (1994) 9 Cal.4th 331, 354.) Accordingly, the order was a void judgment subject to correction at any time. (*Scott*, at p. 354; *People v. Chagolla* (1983) 144 Cal.App.3d 422, 434.)

The law directly refutes appellant's claim that the court lacked jurisdiction to correct the unauthorized sentence after execution of the sentence had begun. (*People v. Karaman* (1992) 4 Cal.4th 335, 349 & fn. 15.) His argument that

3

no changed circumstances warranted reconsideration of the court's order ignores the issuance of *Espinoza*. Moreover, he offers no legal support for his claim that "the doctrine of finality of judgments" precluded the court from correcting an illegal sentence, which the law makes clear can be rectified *at any time*.

Appellant's claim that the court's reliance on *Espinoza* was premature is legally unsupportable and is in any event moot now that the remittitur has issued. (See *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1493.) His claim that the court should have dismissed the case in the interests of justice under section 1385 is also devoid of legal authority. In any event, the claim is premised on the assertion that he detrimentally relied on the finality of the order awarding him *Sosa* credits. It is well-settled, however, that "[a] defendant can acquire no legitimate expectation of finality in an illegal sentence, because such a sentence remains subject to modification." (*U.S. v. Jackson* (10th Cir. 1990) 903 F.2d 1313, 1316, rehg. en banc granted on other grounds in *U.S. v. Jackson* (10th Cir. 1990) 921 F.2d 985.) The court had no authority to award him *Sosa* credits and he had no justified expectation of retaining the improper award of those credits.

The judgment (order vacating award of *Sosa* credits) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

4

Matthew P. Guasco, Judge

Superior Court County of Ventura
_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Kimberley K. Baker-Guillemet, Deputy Attorney General, for Plaintiff and Respondent.