Filed 12/715  P. v. Dumas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SHANE DOUGLAS DUMAS,<br><br>  Defendant and Appellant. | 2d Crim. No. B263349<br>(Super. Ct. No. 2012008306)<br>(Ventura County) |

Shane Douglas Dumas was subject to post release community supervision (PRCS) following a felony conviction for possession of a controlled substance (Health & Saf. Code, § 11377), when he applied to have his felony conviction designated a misdemeanor.  (Pen. Code, § 1170.18.)[1]  The trial court found that appellant was "currently serving a sentence" for a qualifying felony within the meaning of section 1170.18, subdivision (a).  It recalled the felony sentence and resentenced appellant to a misdemeanor under subdivision (b) of the statute.  The trial court further ordered that appellant "remain[] on PRCS for the balance of the original term following [appellant's] release from prison."

Appellant contends the trial court erred, both when it applied subdivision (a) of the statute and when it continued his PRCS term.  Respondent agrees the trial

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

court erred with respect to the continuation of PRCS, but contends the resentencing order was otherwise correct. We agree with respondent. Appellant was properly resentenced under section 1170.18, subdivisions (a) and (b) because he had not completed PRCS and was therefore "currently serving a sentence" for a qualifying felony. The trial court erred, however, in continuing appellant on PRCS after resentencing because that is not one of the options available to the trial court under section 1170.18, subdivision (d). The matter is remanded to permit the trial court to exercise its discretion under subdivision (d) of section 1170.18. In all other respects, the resentencing order is affirmed.

*Facts and Procedural History*

In December 2012, appellant was convicted by guilty plea of possession of a controlled substance, a felony. (Health & Saf. Code, § 11377.) He was sentenced, as a second strike offender, to 32 months in state prison. In October 2013, appellant was released from prison on Post Release Community Supervision (PRCS) for a period not to exceed three years. He immediately violated the terms of his PRCS release by failing to report to his probation officer. Appellant was arrested and, on December 5, 2013, signed a PRCS waiver and agreed to serve 60 days in jail. A few weeks later, appellant reported to the probation office for the first time and tested positive for methamphetamine. He was placed on a waiting list for drug treatment. Appellant stopped reporting and did not follow through on treatment. Another warrant was issued for his arrest.

Appellant was arrested in April 2014 on that outstanding warrant and a new offense. He signed another PRCS waiver and agreed to serve 120 days in custody. In late May, appellant was granted an early release from custody to enter residential drug treatment. He remained in treatment for less than two months before leaving the program without permission.

About a month later, in September 2014, appellant was again arrested for violating his PRCS conditions and for additional drug possession offenses. The probation agency moved to revoke appellant's PRCS. Appellant filed an application to

2

have the December 2012 felony conviction designated a misdemeanor pursuant to section 1170.18, subdivision (f).  Respondent agreed that appellant was entitled to have his conviction reduced to a misdemeanor, but argued he was not entitled to relief under subdivision (f) because he had not yet completed his sentence.  Instead, respondent contended, appellant was entitled to relief under section 1170.18, subdivision (a), and was required to complete a period of misdemeanor parole under section 1170.18, subdivision (d).  Appellant agreed the petition was properly filed under subdivision (f) of the statute because he completed his sentence on October 24, 2013, when he was released from prison.

The trial court treated appellant's application as an oral petition under section 1170.18,  subdivision (a), granted the petition and declared the December 2012 offense to be a misdemeanor.  It further ordered that appellant "remain[] on PRCS for the balance of the original term following [appellant's] release from prison."

<em>Discussion</em>

Appellant contends the trial court erred when it treated his petition as one for resentencing under section 1170.18, subdivision (a), rather than under subdivision (f), because he completed his sentence when he was released from prison in October 2013.  Respondent argues appellant is not eligible for resentencing under subdivision (a) because he requested resentencing before completing his PCRS term.

On November 4, 2014, California voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act," to maximize sentencing alternatives for nonserious, nonviolent crimes. (See Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (February 2015), p. 6, at www.courts.ca.gov/documents/Prop–47–Information.pdf.)  Proposition 47 makes certain drug possession offenses  (Health & Saf. Code, §§ 11350, 11357, subd. (a), 11377) misdemeanors and provides that defendants previously sentenced to state prison on a qualifying drug offense may petition to be resentenced. (§ 1170.18, subd. (a).)

3

Section 1170.18 divides persons who are eligible for resentencing into two groups: those who are "currently serving a sentence for a conviction[,]" and those who have "completed his or her sentence for a conviction . . . ." (§ 1170.18, subd. (a), (f).) A person who is "currently serving a sentence for a conviction" may "petition for a recall of sentence" under subdivision (a) of the statute. If such a person is otherwise eligible for resentencing, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) The statute further provides, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).)

A person who "has completed his or her sentence for a conviction" is eligible for resentencing under subdivision (f) of the statute. If that person's conviction was for a qualifying felony, "the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).) "Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)." (§ 1170.18, subd. (h).) The statute contains no provision allowing the trial court to subject an applicant under subdivision (f) to any period of misdemeanor parole or PRCS.

Appellant was properly resentenced under subdivision (a) of the statute. He had not yet completed his sentence when he was released from prison and placed on PRCS because PRCS is part of the felony sentence. As our Supreme Court explained in *People v. Nuckles* (2013) 56 Cal.4th 601, a period of parole or PRCS "constitutes part of the punishment for the underlying crime." (*Id.* at p. 608.) Although it is a phase of punishment distinct from the prison term, a period of parole supervision or PRCS is, with narrow exceptions, a mandatory feature of every " 'sentence resulting in imprisonment in the state prison . . . .' " (*Id.* at p. 609, quoting

4

§ 3000, subd. (a)(1).) Proposition 47 did not abrogate this long-standing statutory mandate. (See, e.g., *People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1015 [voters enacting Proposition 36 are deemed to have been aware of existing statutes].) Because appellant had not completed his PRCS term, he had not completed his sentence when he applied for resentencing under Proposition 47. (*People v. Nuckles, supra,* 56 Cal.4th at p. 609.) The trial court correctly resentenced appellant under subdivision (a) of section 1170.18, rather than subdivision (f).

*People v. Espinoza* (2014) 226 Cal.App.4th 635 is not to the contrary. There, we held that an offender whose prison term was reduced under section 1170.26 was not entitled to excess custody credits. (*Id.* at pp. 638-639.) We reached this result because the same realignment sentencing scheme that reduced Espinoza's prison term also mandated that he be subject to PRCS for a period of up to three years, and this mandate applied, "Notwithstanding any other law . . . ." (§ 3451, subd. (a).) The phrase "notwithstanding any other law," we concluded, "is all encompassing and eliminates potential conflicts between alternative sentencing schemes." (*People v. Espinoza, supra,* 226 Cal.App.4th at pp. 639-640.) Thus, section 3451 required Espinoza to serve a term of PRCS, notwithstanding the excess custody credits that may have been available to him under section 2900.5. We further observed, "the Legislative largess which resulted in appellant's release from prison came with a price, PRCS. This was the tradeoff. At oral argument, respondent characterized this as a 'package deal.' Appellant is not permitted to pick and choose which portion of realignment he agrees to and which portion he does not. 'He who takes the benefit must bear the burden.' (Civ.Code, § 3521.)" (*Id.* at p. 640.)

The sentencing scheme at issue in the present matter is entirely different from the one we considered in *Espinoza.* This case presents no issue relating to excess custody credits under section 2900.5. Appellant had already been released from prison and was serving a PRCS term when he applied for resentencing under section 1170.18. In addition, section 2900.5 is concerned with crediting "days in custody" against a

5

"term of imprisonment and parole . . . ."  (§ 2900.5, subd. (c).)  *People v. Espinoza, supra,* held that the phrase "term of imprisonment and parole," as it is used in section 2900.5, does not include PRCS.  Here, we interpret section 1170.18, which never uses the phrase "term of imprisonment and parole."  Instead, as we noted above, section 1170.18 distinguishes between a person "currently serving a sentence" and a person "who has completed his or her sentence . . . ."  (§ 1170.18, subd. (a), (f).)  As our Supreme Court noted in *Nuckles, supra,* a "term of imprisonment" is one phase of a felony sentence, but it is not the entire sentence.  (*People v. Nuckles, supra,* 56 Cal.4th at pp. 608-609.)

We agree with the parties that the trial court erred at resentencing when it ordered appellant to "remain[] on PRCS for the balance of the original term following [appellant's] release from prison."   Subdivision (d) of section 1170.18 provides, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and *shall be subject to parole for one year* following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."  Under the plain language of the statute, the trial court's choices were to impose a one-year period of misdemeanor parole or to release appellant from parole.  The statute does not permit continuation of a PRCS term after resentencing under subdivisions (a) and (b).

*Conclusion*

When appellant applied for resentencing under Proposition 47, he was "currently serving a sentence" for his December 2012 conviction because he had not yet completed the PRCS term imposed on his release from prison.  The trial court therefore correctly resentenced him under section 1170.18, subdivisions (a) and (b), rather than under subdivision (f) of the same statute.  The trial court erred, however, when it continued appellant on PRCS for the balance of the term originally imposed.  Subdivision (d) of section 1170.18 permits the trial court to impose one year of misdemeanor parole, or to exercise its discretion to release appellant from parole.  It does not permit the continuation of PRCS.  The resentencing order is reversed and the

6

matter remanded to permit the trial court to exercise its discretion under section 1170.18, subdivision (d).  In all other respects, the resentencing order is affirmed.

NOT TO BE PUBLISHED.


                                          YEGAN, J.


We concur:



GILBERT, P.J.



PERREN, J.


7

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, William Quest, Sr. Deputy Public Defender, for Appellant

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.