Filed 2/2/16  P. v. Mitchell CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERNEST RAYMOND MITCHELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B262417<br>(Super. Ct. No. 1406034)<br>(Santa Barbara County) |

The question here is whether a defendant who has been released from prison but placed on post-release community supervision (PRCS) is still serving his sentence for the purposes of Proposition 47.  We conclude that he is.  Thus the trial court has the discretion to place him on parole for one year.  (Pen. Code, § 1170.18, subds. (a) & (d).)[1]

We modify the sentence to place the defendant on parole instead of PRCS. In all other respects, we affirm.

### FACTS

Ernest Raymond Mitchell pled guilty to one count of felony possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  He also admitted he suffered a prior serious or violent conviction (§ 1192.7, subd. (c)); suffered a prior strike conviction (§§ 667, subds. (b)–(i); 1170.12 subds. (a)–(d)); and served two prior prison terms (§ 667.5, subd. (b)).

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On April 11, 2013, the trial court sentenced Mitchell to the low term of 16 months on possession of methamphetamine, doubled under the three strikes law, plus one year for a prior prison term for a total of three years eight months. The disposition of the second prior prison term allegation is not reflected in the record. The court granted 512 days of presentence custody credits.

Mitchell was released from prison on November 25, 2014, and placed on PRCS.

On December 1, 2014, Mitchell filed an application to have his felony conviction designated a misdemeanor pursuant to Proposition 47. (§ 1170.18, subds. (f) & (g).) The trial court granted the petition, subject to Mitchell remaining on PRCS for one year.

### DISCUSSION

Mitchell contends the trial court's order that he remain on PRCS is unlawful.

Proposition 47 is codified in part in section 1170.18, subdivision (a), which allows a person "currently serving a sentence" for a qualifying felony conviction to petition for a recall of the sentence. Subdivision (b) requires the trial court to resentence a person qualifying under subdivision (a) to a misdemeanor unless the court determines the person would pose an unreasonable risk of danger to public safety. Subdivision (d) gives the trial court discretion to subject a person resentenced under subdivision (b) to parole for one year following the completion of his sentence.

Section 1170.18, subdivision (f) allows a person who has completed his or her sentence for a qualifying felony to petition the court to have the conviction designated a misdemeanor; subdivision (g) requires the trial court to designate the offense a misdemeanor. Unlike subdivision (a) and (b), applicable to those currently serving a sentence, subdivisions (f) and (g) contain no provision for parole.

Mitchell contends he qualifies under subdivisions (f) and (g) because he had completed his sentence. He cites *People v. Espinoza* (2014) 226 Cal.App.4th 635 for the proposition that PRCS is not a part of his sentence.

2

But *Espinoza* holds no such thing. It merely notes the difference in PRCS and parole in explaining why the defendant is not entitled to custody credits. (*People v. Espinoza, supra,* 226 Cal.App.4th at pp. 638-640.)

Section 3000, subdivision (a)(1) states in part, "A sentence resulting in imprisonment in the state prison pursuant to section 1168 or 1170 shall include a period of . . . postrelease community supervision . . . ." Thus PRCS is part of Mitchell's sentence. Section 1170.18, subdivision (d) applies.

The People concede that Mitchell has one point. Section 1170.18, subdivision (d) provides for one year of parole. The trial court sentenced Mitchell to one year of PRCS. The People suggest that we remand the case to the trial court for resentencing.

But there is nothing to indicate that the trial court that sentenced Mitchell to one year of PRCS would not have sentenced him to one year of parole. We can amend the sentence on appeal.

DISPOSITION

The sentence is amended from one year on PRCS to one year on parole. In all other respects, we affirm.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

3

James F. Iwasko, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Garett A. Gorlitsky, Deputy Attorneys General, for Plaintiff and Respondent.