Filed 2/8/16  P. v. Nava CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL NAVA,<br><br>    Defendant and Appellant. | 2d Crim. No. B264292<br>(Super. Ct. No. 2012033392)<br>(Ventura County) |

This is a case arising under Proposition 47.  The trial court declared the defendant's felony conviction to be a misdemeanor and placed him on one year post-release community supervision (PRCS).  We modify the sentence to place the defendant on parole instead of PRCS.  (Pen. Code, § 1170.18, subds. (a) & (d).)[1]  In all other respects, we affirm.

### FACTS

On July 30, 2013, Nava pled guilty to possession of methamphetamine (Health & Saf. Code, § 11377), a felony, and disobeying a court order (§ 166, subd. (a)(9)), a misdemeanor.  Nava also admitted a prior strike within the meaning of the three strikes law (§ 667, subd. (e)(1)) and that he had served three prior terms (§ 667.5, subd.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

(b)).  The trial court dismissed the prior strike (*People v. Romero* (1996) 13 Cal.4th 497) and placed Nava on probation on condition that he serve 240 days in jail.

On March 14, 2014, Nava admitted a probation violation.  The trial court sentenced him to prison for two years.

On August 17, 2014, Nava was released from prison and placed on three years PRCS.  (§ 3450 et seq.)

On November 19, 2014, the trial court granted Nava's Proposition 47 petition and reclassified his felony methamphetamine conviction as a misdemeanor.  The court declined to place Nava on parole pursuant to section 1170.18, subdivision (d).  Instead, the court continued Nava on PRCS.

On April 16, 2015, Nava was in custody due to an alleged violation of his PRCS.  He requested that the court discontinue his PRCS as not authorized under Proposition 47 and to give him one year of excess presentence credits.  The trial court denied Nava's requests, found him in violation of his PRCS and sentenced him to 120 days in jail.

DISCUSSION

Nava contends the plain language of Proposition 47 gives the trial court discretion to place the defendant on probation, not PRCS.  The People concede Nava is correct.

Section 1170.18, subdivision (d), part of Proposition 47, provides in part: "A person who is resentenced . . . shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."

Parole and PRCS are not the same.  (See *People v. Espinoza* (2014) 226 Cal.App.4th 635, 638-640.)

But there is nothing to indicate that the trial court that sentenced Nava to one year of PRCS would not have sentenced him to one year of parole.  We can amend the sentence on appeal.

2

Nava also contends he is entitled to apply his excess presentence credits toward his parole. He acknowledges that we rejected this contention in *People v. McCoy* (2015) 357 P.3d 770, review granted Oct. 14, 2015, No. B260449. He requests, however, that we reconsider our opinion. We decline to do so.

DISPOSITION

The sentence is amended from one year on PRCS to one year on parole. In all other respects, we affirm.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.