Filed 6/20/16  P. v. Tanner CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LELAND EDWARD TANNER,<br><br>    Defendant and Appellant. | 2d Crim. No. B267474<br>(Super. Ct. No. 2011040562)<br>(Ventura County) |

Leland Edward Tanner appeals from an order revoking his postrelease community supervision (PRCS) and confining him in the county jail for 180 days. Appellant contends that the revocation proceedings violated his due process rights.  We affirm.

### Procedural Background

In October 2012 appellant pleaded guilty to possession of a firearm by a convicted felon.  (Former Pen. Code § 12021, subd. (a)(1), enacted in 2010, and replaced by new Pen. Code § 29800, subd. (a)(1), Stats. 2010, ch. 711, §6 (SB1080).)[1]  The trial court found true one prior prison term enhancement.  (§ 667.5, subd. (b).)  It sentenced appellant to prison for four years.

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

In January 2014 appellant was released from prison to PRCS for a period not exceeding three years. His supervising county agency was the Ventura County Probation Agency (Probation Agency). On August 3, 2015, he was arrested for and charged with resisting a peace or public officer in violation of section 148, subdivision (a)(1). From May 8, 2015, until his arrest, he "failed to report to the probation office and his whereabouts remained unknown."

On August 5, 2015, two days after his arrest, Senior Deputy Probation Officer Jennifer Souza found that probable cause existed to believe that appellant had violated PRCS. Appellant was in custody and not represented by counsel at the probable cause hearing. He "declined to answer any questions or make any statement."

In his opening brief appellant alleges: "Officer Souza would have presented to appellant a five page document entitled 'Post Release Community Supervision Advisement of Rights and Acknowledgment Revocations.' The document appears to be a standard document presented in all of the cases involving community supervision after an alleged violation of supervision terms." The record on appeal, however, does not include this document.

After the probable cause hearing, Deputy Probation Officer Eric Sanders wrote a report. Sanders did not state what rights, if any, appellant had been informed of or waived, except that he had been advised of his right to counsel at the revocation hearing. Nor did Sanders state that appellant had been given notice of the claimed violations of PRCS.

On August 6, 2015, the Probation Agency filed a petition for revocation of PRCS. A court hearing on the petition was set for August 20, 2015, 17 days after appellant's arrest. On the date of the hearing, appellant's counsel filed a request to dismiss the petition. Counsel alleged: "[T]he postrelease supervision revocation process violates [appellant's] procedural due process rights by not providing for an arraignment date 10 days from his arrest, and a probable cause hearing 15 days from his arrest."

On August 20, 2015, the trial court denied the request for a dismissal. That same day, appellant submitted the matter on the allegations in the petition for revocation

2

of PRCS.  The court found the allegations true and concluded that appellant had violated PRCS.  It ordered him to serve 180 days in county jail.

*Morrissey v. Brewer and People v. Vickers*

The People concede that the revocation of PRCS must comply with the minimum requirements of *Morrissey v. Brewer* (1972) 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (*Morrissey*) and *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*).

*Appellant Is Not Entitled to Relief Because*

*He Has Failed to Show Prejudice*

Appellant contends that his due process rights were violated because he did not receive an in-court arraignment within 10 days of his arrest and a *Morrissey*-compliant probable cause hearing within 15 days of his arrest as required by *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*).  "*Williams* held that a parolee who remains in custody pending a formal revocation hearing has a due process right to an in-court arraignment within 10 days of arrest, a [*Morrissey*-compliant] probable cause hearing within 15 days after the arrest, and a revocation hearing within 45 [days] after arrest.  [Citation.]"  (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402.

As to the 10-day arraignment requirement of *Williams*, this court reasoned in *People v. Gutierrez*, *supra*, 245 Cal.App.4th at p. 403, "We need not decide whether this requirement applies in PRCS revocation proceedings because appellant fails to demonstrate he was prejudiced by the fact he did not appear in court within 10 days of his arrest.  [Citation.]"  The same reasoning applies here.

Similar reasoning applies to the issue whether appellant received a timely *Morrissey*-compliant probable cause hearing.  If he did not receive such a hearing, he is not entitled to relief because he has failed to show prejudice.  "[I]n the absence of evidence that the [Parole] Authority is not making a good faith effort to comply with the mandates of *Morrissey* . . .  a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing."  (*In re La Croix* (1974) 12 Cal.3d 146, 154; see also *People v.*

3

*Woodall* (2013) 216 Cal.App.4th 1221, 1238 ["defendant's claim of error fails because he has not shown prejudice arising from the nature of the initial revocation proceeding"].) Appellant does not contend that the PRCS revocation hearing was improperly conducted, and there is no evidence that the Probation Agency was not making a good faith effort to comply with *Morrissey*.

### In any Event, Appellant Was Not Denied Due Process

Irrespective of whether appellant received a *Morrissey*-compliant probable cause hearing, due process was satisfied because he received a *Morrissey*-compliant revocation hearing only 17 days after his arrest. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." (*Morrissey*, *supra*, 408 U.S. at p. 481.) "The courts have long recognized that a probationer is entitled to a probable cause hearing or its functional equivalent *if* he or she is to be detained for any significant period of time before a final revocation hearing. [Citations.]" (*People v. Woodall*, *supra*, 216 Cal.App.4th at pp. 1237-1238, italics added.) Appellant was not detained for a significant period of time before his *Morrissey*-compliant final revocation hearing.

A contrary conclusion is not compelled by the holding in *Williams* that a *Morrissey*-compliant probable cause hearing must be conducted within 15 days of a parolee's arrest. (*Williams*, *supra*, 230 Cal.App.4th at p. 643.) The holding is inapplicable to persons who, like appellant, are on PRCS instead of parole. (See *People v. Espinoza* (2014) 226 Cal.App.4th 635, 639 [court rejected appellant's argument "that PRCS is analogous to parole"]; *People v. Gutierrez*, *supra*, 245 Cal.App.4th at p. 402 ["*Williams* . . . is distinguishable because it involved the revocation of parole, not PRCS"].)

4

*Disposition*

The order revoking PRCS and confining appellant in the county jail for 120 days is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:



GILBERT, P. J.



PERREN, J.

Donald Coleman, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.