Filed 12/19/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARINA ELIZALDE,<br><br>    Defendant and Appellant. | 2d Crim. No. B267479<br>(Super. Ct. No. 2011020153)<br>(Ventura County) |

At a post-conviction hearing, the trial court considered two issues: whether defendant violated the terms of her postrelease community supervision ("PRCS")(Pen. Code § 3450, et seq.[1]) and whether she was entitled to relief pursuant to Proposition 47.

The trial court found defendant violated the terms of her PRCS and ordered her to serve 120 days in custody. It then immediately granted her petition for Proposition 47 relief under section 1170.18. The effect of the court's inconsistent rulings was to give and take away at the same time. This rendered the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

court's order that defendant serve time in custody a nullity. Defendant served her time in custody rendering this appeal moot. Because this is a matter of interest to defendants, practitioners of criminal law, and the public, we discuss the issue.

We dismiss the appeal as moot.

FACTS

In 2011, Marina Elizalde was convicted of forgery (§ 475, subd. (b)) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). She was sentenced to 16 months in prison. In 2012, she was released on PRCS.

In 2015, the Ventura County Probation Agency filed a petition to revoke Elizalde's PRCS. On the same date, Elizalde filed a petition to have her convictions declared misdemeanors pursuant to Proposition 47. The trial court held a hearing on both petitions.

At the hearing, Elizalde requested that the trial court consider her Proposition 47 petition before the petition to revoke her PRCS. The court denied the request.

Elizalde submitted the matter of her PRCS revocation on the facts alleged in the petition. The trial court found her in violation and ordered her to serve 120 days in county jail with 46 days total credit.

Immediately thereafter at the same hearing, the trial court granted Elizalde's Proposition 47 petition, redesignated her convictions as misdemeanors and ordered her to be on misdemeanor parole for one year.

2

DISCUSSION

Elizalde contends the trial court erred in refusing to consider her Proposition 47 petition prior to revoking her PRCS. She argues that had the trial court first reduced her convictions to misdemeanors, it would have terminated her PRCS and she could not have been held in violation.

Proposition 47 reduced certain nonserious and nonviolent felonies to misdemeanors and added section 1170.18. Subdivision (a) of section 1170.18 provides that a person who is currently serving a sentence for a felony conviction that was reduced to a misdemeanor may petition for a recall of the sentence.

Section 1170.18, subdivision (b) provides in part: "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Section 1170.18 contains no language that requires the trial court to consider Elizalde's petition prior to considering the People's petition to find her in violation of PRCS. Nevertheless, section 1170.18, subdivision (k) provides, "Any felony conviction that is recalled and resentenced under

3

subdivision (b) . . . shall be considered a misdemeanor for all purposes . . . ."

PRCS applies only to felony convictions. (§§ 3450, subd. (b)(5), 3451, subd. (a).) There is no PRCS for misdemeanors. Thus, once Elizalde's Proposition 47 petition is granted, PRCS terminates by operation of law, and any punishment attendant to its violation ends. Therefore it makes no difference in what order the petitions were decided.

Here, because the trial court granted Elizalde's Proposition 47 petition, the court's prior finding that she violated PRCS and the attendant sentence of 120 days in jail were rendered moot. What other sentencing options may have been available to the court are not before us.

In response to the concurring opinion, we concur.

DISPOSITION

We dismiss the appeal as moot.

CERTIFIED FOR PUBLICATION.



GILBERT, P. J.


I concur:



TANGEMAN, J.

4

YEGAN, J.,

I reluctantly concur.  The result we reach today does not invoke application of the absurdity rule.  (See, e.g., *People v. Harbison* (2014) 230 Cal.App.4th 975, 987 (dis. opn. of Yegan, J.).)   It is a good thing that courts do not judge the wisdom of statutes passed by the legislature or propositions approved by the voters.  (See, e.g., *Wells Fargo Bank v. Superior Court* (l991) 53 Cal.3d 1082, 1099; *Unzueta v. Ocean View School Dist.* (l992) 6 Cal.App.4th 1689, 1700.)  If we did, the application of Proposition 47 to PRCS violation cases such as this one could result in an "F" grade.  I do not believe that the drafters of Proposition 47 or the electorate had in mind this situation.  PRCS was designed to help defendants released from state prison.  In some instances, the threat of incarceration will be the only motivation to comply with the terms of PRCS.  The message appellant, and others similarly situated, receive, is that there is no penal consequence for violating PRCS.  This is not a good idea. Appellant has a severe addiction to methamphetamine and apparently funds her habit by the manufacture of fraudulent identification and credit cards.  As indicated in the probation officer's written PRCS report: "Since being released from prison on PRCS, the offender's performance on community supervision has been non-existent.  Not only is she a habitual absconder but she continues to use drugs and engage in felonious behavior.  She is undeserving of leniency and is deserving of a substantial amount of time in custody."

Appellant received the benefit of "realignment" and was released from prison on PRCS.  She agreed to the terms of PRCS but has been an abject failure thereon.  This occurred long before she petitioned for Proposition 47 relief.  Thereafter, she filed a

1

proposition 47 petition seeking further leniency.  She argues that the proposition 47 petition "must be given priority."  Nothing in Penal Code, § 1170.18 subdivision (b) so indicates and our opinion recognizes this.  (Maj. opn. *ante*, p. 3.)  Our opinion holds that Proposition 47 has priority over a precedent PRCS violation.  This results in the erasure of appellant's signature from the PRCS agreement and undercuts the Legislative direction that realigned defendants should be punished if they violate the terms of PRCS.

In *People v. Espinoza* (2014) 226 Cal.App.4th 635, 640, we said that ". . . the Legislative largess which resulted in appellant's release from prison came with a price, PRCS.  This was the tradeoff."  Now, the tradeoff's teeth have been removed where Proposition 47 has application.  To me, it would make good sense to hold appellant, and other appellants similarly situated, to the express terms of their agreements.  Thereafter, the trial court could determine the merits of the proposition 47 petition.  Of course, if, in the discretion of the trial court, it were to determine that there are circumstances which alleviate the need for PRCS punishment, so be it.  Our holding is obedient to the letter and perhaps even the spirit of Proposition 47.  But it eviscerates the legislative intent to ". . . 'improve public safety outcomes' and facilitate . . . 'reintegration back into society.'" (*Id.*, at p. 641, citing Penal Code, § 3450.)  Instead, the net effect of our holding is a "get out of jail free card" for a PRCS violator who receives Proposition 47 relief.

YEGAN, J.

2

David R. Worley, Judge

Superior Court County of Ventura
_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.